Case 4:20-cv-01632   Document 1-2   Filed on 05/08/20 in TXSD   Page 1 of 11

4/8/2020 3:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42203714
By: Brittany Hall
Filed: 4/8/2020 3:48 PM

NO. _____

| | | |
|---|---|---|
| CARLOS FLORES | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** CARLOS FLORES, hereinafter called Plaintiff, complaining of and about AMICA MUTUAL INSURANCE COMPANY, hereinafter called Defendant, and for cause of action show unto the Court the following:

**DISCOVERY LEVEL**

1. Plaintiff affirmatively pleads that he seeks monetary relief of $200,000.00 to $1,000,000.00, and intends that discovery be conducted under Discovery Level 2.

**REQUEST FOR DISCLOSURES**

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant AMICA MUTUAL INSURANCE COMPANY is requested to disclose the information and materials described in Rule 194.2 within fifty (50) days of service of this request.

**PARTIES**

3. Plaintiff, CARLOS FLORES, is an individual who resides in Harris County, Texas.

4. Defendant AMICA MUTUAL INSURANCE COMPANY, hereinafter Defendant, is an insurance company duly formed and existing under the laws of the State of Texas. Defendant AMICA MUTUAL INSURANCE COMPANY is qualified to transact business in the State of Texas and can be served with process by serving its registered agent, Robert R. Foss, Jr., at 2150

1

Town Square Place, Suite 600, Sugarland, Texas 77479. Service of said Defendant as described herein may be affected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over Defendant AMICA MUTUAL INSURANCE COMPANY because it has purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendant AMICA MUTUAL INSURANCE COMPANY has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

8. Plaintiff would show that Plaintiff's cause of action against Defendant AMICA MUTUAL INSURANCE COMPANY arose from its continuous and systematic contacts with the State of Texas.

9. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

10. Venue in Harris County is proper in this cause under Section 1952.110(1) of the Texas Insurance Code because a policyholder or beneficiary under the insurance policy hereupon resided in said county at the time of the accident.

**PRESERVATION OF EVIDENCE**

11.     Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the resulting damages including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.

12.     Failure to maintain such items will constitute "spoliation" of the evidence.

**FACTS**

13.     On or about July 18, 2018, Plaintiff, CARLOS FLORES, was traveling eastbound at the 14100 block of Northwest Freeway Service Road, when an underinsured motorist, AARON LUCHSINGER, failed to maintain his speed and distance between vehicles causing him to rear end Plaintiff's vehicle. As a result of the accident, Plaintiff sustained serious personal injuries for which he sought the care of medical professionals.

14.     At the time of the accident, Plaintiff was protected against loss caused by bodily injury and property damage, resulting from the ownership, maintenance, or use of an uninsured and/or underinsured motor vehicle covered by CARLOS FLORES' insurance policy through Defendant, AMICA MUTUAL INSURANCE COMPANY. Plaintiff incurred bodily injuries as a result of this incident. Accordingly, Plaintiff sought uninsured motorist coverage from AMICA MUTUAL INSURANCE COMPANY, Plaintiff's insurer. But AMICA MUTUAL INSURANCE COMPANY has refused to comply with its contractual obligations.

## PLAINTIFF'S CLAIM OF NEGLIGENCE

15. AARON LUCHSINGER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff injuries were proximately caused by AARON LUCHSINGER's negligent, careless, and reckless disregard of said duty.

17. The negligent, careless, and reckless disregard of duty of AARON LUCHSINGER consisted of, but is not limited to, the following acts and omissions:

    A. Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    B. Failure to maintain a reasonable, safe, and prudent rate of speed;

    C. Failure to maintain a reasonable, safe, and prudent distance between vehicles;

    D. Driver inattention; and

    E. Failure to timely apply breaks.

## CAUSES OF ACTION AGAINST AMICA MUTUAL INSURANCE COMPANY

18. At the time of the accident at issue, AARON LUCHSINGER was operating an underinsured motor vehicle, as the term is defined in the applicable insurance policies.

19. Plaintiff timely and properly notified his insurance carrier, AMICA MUTUAL INSURANCE COMPANY, of the accident. Plaintiff has fully complied with all the conditions of his insurance policy prior to bringing this suit. Nevertheless, AMICA MUTUAL INSURANCE COMPANY has refused to compensate Plaintiff fairly under the policies, as it is contractually required to do.

4

20. In addition, Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under CPRC § 38.001 and/or Tex. Ins. Code § 542.060(a) and interest of 18% under Tex. Ins. Code §542.060.

21. All conditions precedent have been performed or have occurred.

## PLAINTIFF'S CLAIMS AGAINST AMICA MUTUAL INSURANCE COMPANY
## BREACH OF CONTRACT

22. At the time of the accident at issue, AARON LUCHSINGER was operating an underinsured motor vehicle, as the term is defined in the applicable insurance policies. AARON LUCHSINGER is an underinsured motorist and there are insufficient applicable policies to cover Plaintiff's damages.

23. Plaintiff timely and properly notified his insurance carrier, Defendant AMICA MUTUAL INSURANCE COMPANY of the accident. Plaintiff has fully complied with all the conditions of his insurance policy prior to bringing this suit. Nevertheless, Defendant AMICA MUTUAL INSURANCE COMPANY refused and continues to refuse to provide adequate coverage to Plaintiff under the above policy. All conditions precedent have been performed or have occurred.

## DECEPTIVE TRADE PRACTICES ACT & TEXAS INSURANCE CODE

24. Plaintiff would show that Defendant AMICA MUTUAL INSURANCE COMPANY engaged in certain false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

25. Specifically Defendant AMICA MUTUAL INSURANCE COMPANY violated the following sections under Texas Deceptive Trade Practices-Consumer Protection Act, which constitutes the following acts unlawful:

5

(a) Section 17.46(b)(5): representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(b) Section 17.46(b)(12): representing that an agreement confers or involves rights, remedies, or obligations for which it does not have or does not involve, or which are prohibited by law;

(c) Section 17.46(b)(24): failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(d) Section 17.50(a)(4): the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code (as described herein).

26. <u>Unconscionable Action or Course of Action.</u> Defendant AMICA MUTUAL INSURANCE COMPANY engaged in an "unconscionable action or course of action' to the detriment of Plaintiff as defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

27. <u>Unfair Claim Settlement Practices.</u> Defendant AMICA MUTUAL INSURANCE COMPANY further violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7) and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above, misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiff a reasonable explanation of the factual and legal basis in the policy for their refusal to provide adequate coverage, which precluded Plaintiff from receiving timely benefits. Specifically, Plaintiff asserts that Defendant AMICA MUTUAL INSURANCE COMPANY failed to promptly pay underinsured motorist benefits as required by the terms and

6

conditions of the insurance policy, and without conducting a reasonable investigation prior to denying said benefits. Said violations were a producing cause of Plaintiff's actual damages as provided herein.

28. Plaintiff further would show that he has made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code and DTPA.

29. Plaintiff further would show that the above-described actions of Defendant AMICA MUTUAL INSURANCE COMPANY was committed knowingly and/or intentionally, thus entitling Plaintiff to additional damages as provided in the Texas Insurance Code.

30. Plaintiff would further show that the above-described actions of Defendant AMICA MUTUAL INSURANCE COMPANY was committed knowingly and/or intentionally, thus entitling Plaintiff to additional damages as provided in the DTPA.

## DAMAGES

31. As a necessary and proximate result of the aforementioned acts and omissions of negligence by AARON LUCHSINGER and failure of AMICA MUTUAL INSURANCE COMPANY to pay under the applicable underinsured motorist policies, Plaintiff sustained the following damages from which he is entitled to recover:

   a. Reasonable and necessary medical expenses in the past and future;

   b. Physical pain in the past and future

   c. Mental anguish in the past and future;

   d. Physical disfigurement in the past and future;

   e. Physical impairment in the past and future; and

   f. Attorney fees.

7

32. In addition to the above mentioned and foregoing allegations Plaintiff further pleads that he is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## GROSS NEGLIGENCE/EXEMPLARY DAMAGES

33. The conduct of the Defendant, in connection with the collision in question, constitutes gross negligence that was a proximate cause of the collision in question, and Plaintiff's injuries and damages. When viewed objectively, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant's were subjectively aware of and knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Plaintiff are entitled to recover punitive damages, pursuant to § 41.003(a) (2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § 26 of the Texas Constitution. Because Defendant is guilty of gross negligence that proximately caused the personal injuries to Plaintiff, they should have exemplary damages assessed against them and awarded to Plaintiff in an amount deemed proper by the jury.

## DECLARATORY RELIEF

34. Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiff requests a Declaration that the damages caused by the other driver exceed the insurance coverage available under the other driver's policy, triggering Plaintiff's right to seek recovery from AMICA MUTUAL INSURANCE COMPANY under the UIM provisions of his policy.

35. At the time of the accident at issue, AARON LUCHSINGER was operating an underinsured motor vehicle, as the term is defined in the applicable insurance policies. Plaintiff's have sustained extensive damages as result of this accident. AARON LUCHSINGER is underinsured and the policy coverage is insufficient to cover Plaintiff's damages.

8

36. Pursuant to Texas Civil Practices and Remedies Code Section 37.009, Plaintiff is entitled to the recovery of his attorney's fees, court costs, and all other relief permitted under the statue and law in connection with his request for a declaratory judgment as to Defendant AMICA MUTUAL INSURANCE COMPANY.

37. Plaintiff timely and properly notified his insurance carrier, AMICA MUTUAL INSURANCE COMPANY, of the accident and damages suffered by Plaintiff. Plaintiff has fully complied with all the conditions of his insurance policy prior to bringing this suit. Nevertheless, AMICA MUTUAL INSURANCE COMPANY has refused to pay Plaintiff any underinsured benefits under the policies, as it is contractually required to do.

38. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under CPRC § 38.001 and/or Tex. Ins. Code § 542.060(a) and interest of 18% under Tex. Ins. Code §542.060.

39. All conditions precedent have been performed or have occurred.

## NOTICE OF USE

40. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## ATTORNEY'S FEES

41. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b)

9

common law.

## REQUEST FOR DISCLOSURE

42.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## DESIGNATED E-SERVICE EMAIL ADDRESS

43.     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

44.     Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each and every corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's deposition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiff recover damages from Defendant in accordance with the evidence, and as the jury deem him deserving, that Plaintiff recover costs of court herein expended; that Plaintiff recover interest to which Plaintiff is justly entitled under the law, both pre-judgment and post-judgment, Plaintiff recover damages within the jurisdictional limits of the Court, and for such other further relief, both general

and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

\* **E-Service Email: Litigation@thehadilawfirm.com**
\* **E-Service is only accepted at the above designated e-service email address.**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: April 8, 2020**